UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ADAM JOSEPH SIEVERS, | Case No. 3:15-cv-02185-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Tim Wilborn
Wilborn Law Office, P.C.
P.O Box 370578
Las Vegas, NV  89137
    Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Hebert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

1 - OPINION AND ORDER

Gerald J. Hill
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

AIKEN, Judge:

Plaintiff filed suit pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's denial of his application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) disability benefits. Plaintiff argues that the case should be remanded for an award of benefits, or, alternatively, for further proceedings. After review of the record and the parties' submissions, the decision of the Commissioner is affirmed.

## BACKGROUND

On January, 2010, plaintiff protectively filed applications for DIB and SSI, alleging disability as of April 1, 2009. Tr. 19. His application was denied initially and on reconsideration. On December 12, 2011, plaintiff and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ). Tr. 19. On February 9, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 19. The Appeals Council granted review and and remanded the case for further proceedings. On April 24, 2014, the ALJ plaintiff and a VE again appeared and testified, and on June 20, 2014, the ALJ again issued a decision finding plaintiff not disabled under the Act. Tr. 19-28. The Appeals Council denied review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 1-7. Plaintiff now seeks judicial review.

Born in 1977, plaintiff was thirty-one years old as of the alleged onset date of disability, with a high school education and past relevant work as a telephone operator, customer service representative and supervisor, employment assistant, and technical support person. Tr. 27. He alleges disability since April 1, 2009 due to gastro esophageal reflux disorder, de Quervain tenosynovitis and resulting hand pain, and a back injury. Tr. 253, 257, 323.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the relevant five-step evaluation process. *See* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

At step one, the ALJ found that plaintiff had engaged in "substantial gainful activity" from April 1, 2009 through December 23, 2009 but not after that time. Tr. 21; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had severe impairments of tendonitis, regional pain syndrome and asthma, but that plaintiff's impairments did not meet or equal the severity of a listed impairment which is "considered severe enough to prevent a person from doing any gainful activity." Tr. 22-23; 20 C.F.R. §§ 404.1525(a), 416.925(a); *id.* §§ 404.1520(c),(d), 416.920(c),(d).

The ALJ then assessed plaintiff's residual functional capacity (RFC) and found that plaintiff could perform light work with occasional fine manipulation and occasional keyboarding, frequent reaching with the upper extremities, and certain environmental limitations. Tr. 23; 20 C.F.R. §§ 404.1520(e), 416.920(e). Based on these findings, the ALJ found that plaintiff could not perform his past relevant work at step four. Tr. 27; 20 C.F.R. §§ 404.1520(f), 416.920(f).

The ALJ proceeded to step five, where the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform work that exists in the national economy, after taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). Relying on the testimony of the VE, the ALJ found that plaintiff could perform other work as a tanning salon attendant, laundry sorter, and dealer account clerk. Tr. 28. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to adopt limitations found by treating physicians, finding plaintiff's allegations not credible, discrediting lay witness statements, and committing error at step five. As a result, plaintiff maintains that the ALJ's RFC assessment and

findings are invalid, and that plaintiff should be deemed disabled under the Act. Alternatively, plaintiff argues that the case should be remanded for further proceedings.

Plaintiff contends that the ALJ improperly rejected the opinions of Drs. Moore and Faber, both treating physicians. Dr. Faber diagnosed plaintiff with chronic arm pain of "unknown etiology," and surmised that plaintiff possibly suffered from chronic regional pain syndrome caused by past keyboard use and repetitive hand movements. Dr. Faber opined that plaintiff could not work at any jobs involving typing, faxing, filing, scanning or copying. Tr. 984. The ALJ gave little weight to Dr. Faber's opinion, finding it unsupported by testimony or objective medical evidence. Tr. 25. The ALJ further found that plaintiff's daily activities contradicted Dr. Faber's opinion that plaintiff could not perform any job that required use of his hands. Finally, the ALJ found that Dr. Faber relied on plaintiff's subjective complaints, which the ALJ found not credible. Tr. 25.

I find that the ALJ provided legally sufficient reasons to reject Dr. Faber's opinion. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (an ALJ must provide either clear and convincing or specific and legitimate reasons to reject the opinion of a treating physician). The record supports the ALJ's finding that Dr. Faber relied primarily on plaintiff's subjective complaints, and as explained below, the ALJ did not err in finding plaintiff's complaints not credible. *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 602 (9th Cir. 1999). Further, an ALJ may reject the opinion of a treating physician if not supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Faber stated that plaintiff's symptoms were not supported by medical etiology, and the ALJ noted that the medical evidence revealed unremarkable findings. Tr. 24, 984. Moreover, the ALJ did not err in finding that plaintiff's daily activities of preparing meals,

5 - OPINION AND ORDER

washing dishes, dusting, doing laundry, driving a car, and socializing inconsistent with Dr. Faber's restrictions.

On February 3, 2010, Dr. Moore completed a statement and indicated that plaintiff could not use a keyboard for more than fifteen minutes without experiencing pain. Tr. 631. On December 19, 2011, Dr. Moore wrote a letter and opined that routine daily activities caused significant pain in plaintiff's hands and arms for hours. Tr. 996. Dr. Moore also stated that plaintiff could not work at any job requiring significant use of his hands without pain, and that plaintiff had attempted numerous treatment methods. The ALJ gave limited weight to Dr. Moore's opinion, finding that Dr. Moore's statements were vague and "unsupported by any medical etiology." Tr. 25-26. Plaintiff maintains that Dr. Moore's statements were neither vague nor unsupported by the records, citing a bone scan and treatment records. Pl.'s Brief at 10; Tr. 625-26, 630-31, 996.

While I find that the ALJ could have discussed Dr. Moore's opinion more thoroughly, the record supports the ALJ's findings. As noted by the ALJ, the physicians of record indicated that no medical etiology supported plaintiff's complaints, and the ALJ reasonably found Dr. Moore's 2011 restriction against work requiring "significant" use of hands as "vague." Tr. 594-95, 628, 630-31, 984, 996. To the extent plaintiff relies on Dr. Moore's 2010 statement, I do not find the ALJ's RFC limitation of occasional keyboarding inconsistent with Dr. Moore's opinion that plaintiff cannot keyboard more than 15 minutes at a time. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (the ALJ has the duty and the authority to interpret the medical evidence).

Plaintiff next asserts that the ALJ erred by rejecting his testimony and subjective complaints. The ALJ found that plaintiff's allegations of disability were not supported by the medical evidence and contradicted by his daily activities of grooming, preparing simple meals, housework, driving a car, shopping, paying bills, reading, socializing on the phone, and attending medical appointments. Tr. 26, 368. The ALJ's findings are valid reasons to support his credibility assessment. While a plaintiff need not be incapacitated, plaintiff's allegations of complete disability are inconsistent with his daily activities. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012).

Next, plaintiff argues that the ALJ improperly rejected the lay witness statement of a plaintiff's sister, who reported that plaintiff had significant pain in his arms and hands and must rest frequently. Tr. 994. The ALJ considered this statement but found that plaintiff's sister was likely influenced by her close relationship with plaintiff and her desire to help him. Tr. 26. Given the letter written by plaintiff's sister, the ALJ's finding is not arbitrary and is a germane reason to give the letter little weight. Tr. 994; *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (the ALJ must consider lay witness statements and give germane reasons to reject them). Apparently, the ALJ also attributed to plaintiff's sisters the statement of plaintiff's mother. I find this harmless, as the findings made by the ALJ with respect to plaintiff's testimony and the statements of his sister are equally applicable to those of his mother. *Molina*, 674 F.3d at 1118-19, 1123.

Finally, plaintiff also contends that the step five findings were erroneous, because the job equivalent of "tanning salon attendant" identified by the ALJ include duties beyond his functional capabilities. Even if the identification of this job was erroneous, the ALJ found two

7 - OPINION AND ORDER

other jobs that plaintiff could perform. Tr. 23, 73-74. With respect to those jobs, plaintiff contends that the ALJ erred by failing to include all of his limitations in the hypothetical presented to the VE. This argument is premised on the arguments rejected above, and I find no error.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 11th day of January, 2017.

_Ann Aiken_
Ann Aiken
United States District Judge